

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-10-2006

# Harrod v. Cox

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4235

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Harrod v. Cox" (2006). *2006 Decisions.* Paper 1601.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1601

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-86                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4235
_____

DARRYL K. HARROD, JR.,
Appellant

v.

OFFICER J. COX; OFFICER E. BROGAN; WARDEN KEITH OLSON;
UNITED STATES OF AMERICA
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 01-cv-02577)
District Judge: Honorable Robert B. Kugler
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
December 30, 2005

Before:  ROTH, FUENTES AND VAN ANTWERPEN, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed:  February 10, 2006 )

_____

OPINION
_____

PER CURIAM

        Darryl K. Harrod, Jr., an inmate incarcerated at United States Penitentiary-

Allenwood in White Deer, Pennsylvania, appeals following the entry of judgment in favor of the United States of America on his Federal Tort Claims Act claim. For the reasons stated below, we will affirm the judgment of the District Court.

Harrod filed the underlying lawsuit against Lieutenant Jeffrey Cox pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). Harrod alleged that he was assaulted by Lieutenant Cox in violation of his constitutional right to be free from cruel and unusual punishment. The District Court liberally construed his Amended Complaint to state a claim both against Lieutenant Cox under Bivens, and against the United States of America under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2672. The Court therefore ordered that the United States be added as a defendant and that the United States Marshal serve summons and copies of the Amended Complaint on both defendants. On September 5, 2003, the District Court granted partial summary judgment in favor of Cox, dismissing all claims against him due to Harrod's failure to exhaust his administrative remedies prior to filing suit. Harrod's claim against the United States was permitted to proceed to trial.

The District Court held a bench trial on Harrod's FTCA claim on September 1, 2005. Following each side's presentation and examination of witnesses, the District Court entered a judgment of no cause of action in favor of the United States. Harrod timely appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Because this appeal presents no "substantial question," we will summarily affirm the District Court's decision. 3d Cir. LAR 27.4 & I.O.P. 10.6.

Harrod has submitted a motion for summary reversal in which he identifies the issues for which he seeks review. According to his motion, the following issues provide bases for reversal: (1) that the testimony of Registered Nurse Shirley Nati, who examined Harrod after the alleged incident, was coerced by the U.S. Attorney's office; (2) that the District Court erred in reinstating Harrod's <u>Bivens</u> claim against Cox after having entered default against him, and then dismissing that claim for failure to exhaust; (3) that the District Court erred in finding Lieutenant Cox to be a credible witness; and (4) that the District Court erred in denying Harrod's motion for recusal. Because none of these issues has any legal merit, we will deny the motion for summary reversal and summarily affirm the decision of the District Court.

Harrod first contends that Nurse Nati was coerced by the U.S. Attorney's office to testify that Harrod had a cyst on his head following the alleged incident, rather than a bruise from being assaulted by Lieutenant Cox. Harrod offers no proof in support of this allegation other than the discrepancy between the written medical report and Nurse Nati's testimony at trial. There could have been any number of explanations for this discrepancy, which Harrod would have had ample opportunity to explore during the course of Nurse Nati's testimony. Harrod does not point to any testimony from the trial that would cast doubt on Nurse Nati's credibility or support his contention that she was coerced into giving false testimony. As Harrod fails to offer any basis for his claim, we cannot consider it to be meritorious.

Next, Harrod argues that the District Court erred in reinstating his <u>Bivens</u> claim against Cox after having entered default against him, and then dismissing that claim based

on Harrod's failure to exhaust his administrative remedies prior to initiating this lawsuit. Harrod was granted leave to file an Amended Complaint on October 7, 2002. Because he had also been granted leave to proceed in forma pauperis, the U.S. Marshals assumed responsibility for service of the Amended Complaint. Lieutenant Cox executed and returned a waiver of service form on October 25, 2002, but failed to file an Answer until February 23, 2003, without ever having requested or received an extension of time in which to do so. In the interim, Harrod filed a request for a default judgment, and default was entered by the Clerk of Court on January 9, 2003. Following Cox's filing of an Answer, Harrod filed a motion to revisit his prior motion for a default judgment. On September 5, 2003, the District Court vacated the Clerk's entry of default against Lieutenant Cox, holding that, because Harrod had not demonstrated that he had exhausted his claim administratively prior to filing his section 1983 action, he had failed to "establish[] a claim or right to relief by evidence satisfactory to the court" as required for entry of default against the United States or an officer or agency thereof. See Fed. R. Civ. P. 55(e). Because the District Court did not err in vacating the Clerk's entry of default against Cox, this claim too lacks legal merit.

Next, Harrod contends that the District Court erred in finding Lieutenant Cox to be a credible witness, in light of the number of complaints filed against Cox for use of excessive force against other inmates. It is well within the discretion of the District Court as the trier of fact to assess the credibility of witnesses and to accept or reject their testimony accordingly. While Lieutenant Cox's history was certainly a relevant issue to be explored at trial, it by no means compelled a finding that his testimony was not

credible.  This argument too is without legal merit.

Finally, Harrod maintains that the District Court erred in denying his motion for recusal.  Harrod based this motion on the failure of the Court to sanction the government for what Harrod characterized as intentional and unprofessional attempts to delay the proceeding and the commission of unspecified fraud upon the court. Harrod relies in part on the fact that the Court granted defendant leave to take the deposition of one of his proposed witnesses by written interrogatory, but defendant never did so.  According to Harrod, defendant therefore violated a court order and should have been sanctioned by the Court.  Harrod also argues that the Court's decision to vacate the entry of default against Cox demonstrates its bias in favor of the government.  A federal judge is required to recuse himself for personal bias or prejudice, or where his impartiality may reasonably be questioned.  See 28 U.S.C. §§ 144 & 455.  As there was no basis for recusal under these statutes in the instant case, the District Court properly denied Harrod's motion.

Accordingly, we will summarily affirm the decision of the District Court.  3d Cir. LAR 27.4 & I.O.P. 10.6.  Appellant's motion for summary reversal is denied.